United States District Court
District of Massachusetts

|  |  |
|---|---|
| United States of America,<br><br> v.<br><br>Dominick Bailey et al.,<br><br> Defendants. | )<br>)<br>)<br>)<br>)  Criminal Action No.<br>)  20-10003-NMG<br>)<br>)<br>) |

**MEMORANDUM & ORDER**

GORTON, J.

Pending before the court are two motions:  motion of defendant, Glen Lacedra ("defendant"), filed pro se, for compassionate release under 18 U.S.C. §3582 and motion of defendant's counsel to withdraw from this case.  For the following reasons, the motion for compassionate release will be denied, and the motion of defense counsel to withdraw will be allowed.

In 2020, defendant was charged with and subsequently pled guilty in another session of this Court to one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §922(g)(1).  His sentencing was postponed and rescheduled nearly a dozen times and his case was ultimately reassigned to this session where, in 2023, defendant was sentenced to 19 months in prison.

In March 2024, defendant filed a motion for compassionate release pursuant to 18 U.S.C. §3582.  Based upon allegations that defense counsel failed to communicate with defendant, defendant moved to dismiss his appointed counsel and proceed pro se.[1]  At a status conference in October, 2024, defense counsel informed the Court that defendant no longer wished to proceed pro se.  She was directed to file a status report in November, 2024, but, instead, filed a motion to withdraw.

## I. Motion to Withdraw

Counsel may move to withdraw his representation if there is "good cause" for doing so. STAG Williamsport, LLC v. BHN Assocs., LLC, No. CV 21-11958-NMG, 2023 WL 4995327, at *1 (D. Mass. July 11, 2023).  Whether to allow counsel to withdraw is firmly a matter for the "discretion of the trial court." Andrews v. Bechtel Power Corp., 780 F.2d 124, 135 (1st Cir. 1985).

Here, defense counsel moves to withdraw based on an alleged "irretrievable breakdown in the relationship between counsel and her client."  In light of the procedural history of this case, the Court finds counsel's proffer sufficient to satisfy good cause for withdrawal. See STAG Williamsport, LLC, 2023 WL 4995327, at *2 (allowing withdrawal based on "irretrievable breakdown" in attorney-client communications); United States v.

---

[1] Defendant has also filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255 and accompanying motions for appointment of new counsel and for discovery that have been stayed until February, 2025.

Matias, 885 F. Supp. 2d 458, 462 (D. Mass. 2012) (same); accord
United States v. Jordan, No. 18-CR-834-2 (PAE), 2020 WL 3839629,
at *1 (S.D.N.Y. July 8, 2020) (allowing motion for defense
counsel to withdraw from compassionate release matter based upon
"complete breakdown in communications" with client).

Because defendant's motion for compassionate release was
filed post-conviction, defendant is not entitled to appointment
of new counsel under the Criminal Justice Act. See United States
v. Gutierrez, No. CR 06-40043-FDS-2, 2020 WL 1667710, at *2 (D.
Mass. Apr. 3, 2020) (citing Dirring v. United States, 353 F.2d
519, 520 (1st Cir. 1965)); accord United States v. Legree, 205
F.3d 724, 729 (4th Cir. 2000) ("[T]here is no right . . .
assistance of counsel on a motion for reduction of sentence."
(collecting cases)). The motion to withdraw will therefore be
allowed and defendant will be permitted to proceed pro se.

## II. Motion for Compassionate Release

A court may reduce an imposed term of imprisonment by
allowing "compassionate release" pursuant to 18 U.S.C. §3582(c).
Compassionate release is an exception to the general rule that a
court cannot "modify a term of imprisonment once" it is imposed.
18 U.S.C. §3582(c). The Court may grant compassionate release
if, after considering the factors set forth in §3553(a), it
finds there are "extraordinary and compelling reasons" for doing
so. Id. §3582(c)(1)(A)(i). The relevant factors include the

nature of the offense, defendant's history and characteristics, and the need to deter future misconduct, punish the offense and protect the public. A decision to allow compassionate release is one of "considerable" discretion. See United States v. Aponte-Guzmán, 696 F.3d 157, 161 (1st Cir. 2012).

Here, even if there were extraordinary and compelling reasons, which there are not, the Court finds that the §3553(a) factors do not favor release. As this Court explained at sentencing, the violent crime for which defendant was convicted, carried out in a neighborhood that suffers from horrific drug violence, was serious and required adequate deterrence. The offense, moreover, was not his first. Defendant's prior felony conviction involved explosive devices that wantonly risked innocent lives. His imposed sentence of 19 months was, and still is, necessary under the circumstances. The motion for compassionate release will therefore be denied. See United States v. Texeira-Nieves, 23 F.4th 48, 57 (1st Cir. 2022) (affirming denial of compassionate release based upon §3553(a) factors where defendant had been convicted of dangerous firearm crime in case involving drugs).

ORDER

For the foregoing reasons,

    1) the motion of defendant, Glenn Lacedra, for compassionate

       release (Docket No. 323) is **DENIED;** and

    2) the motion of defense counsel to withdraw (Docket No.

       360) is **ALLOWED.**

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated:  December 3 , 2024